UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. MICHOWSKI

       Plaintiff,                                 CASE NO. 06-11876
                                                      HON. LAWRENCE P. ZATKOFF

v.

BENCY MATHAI, M.D., JOSIAH SMITH,
P.A., JEFF JAMES, R.N., KATHY MARS, R.N.,
and PETER MAY, Prison Supervisor,
individually and in their official capacities,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 23, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and 42 U.S.C. § 1997e. Defendants Mathai and Smith filed a motion to dismiss (Docket #15) to which Plaintiff has responded. Defendants James, Mars, and May subsequently joined the other Defendants' motion (Docket #23) and Plaintiff has again responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion will be GRANTED.

## II. BACKGROUND

Plaintiff has brought the current action pursuant to 42 U.S.C. § 1983, alleging a violation of the Eighth Amendment. Plaintiff is and at all relevant times was confined in the Parnall Correctional Facility in Jackson, Michigan, under the supervision of the Michigan Department of Corrections (MDOC). Pl.'s Compl. ¶ 14. On December 27, 2002, while performing his work assignment, Plaintiff injured his head and neck when the chair he was sitting in broke, causing him to fall backwards and to strike his head on a metal cage. *Id.* ¶ 20. During the course of several months, Plaintiff received medical care for his injury that he now claims was inadequate. In response, Plaintiff filed eight grievances pursuant to MDOC's Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (policy directive or policy). *See* Defs.' Ex. A. According to the policy directive, "[g]rievances may be submitted regarding alleged violations of a policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant." *Id.* at 1.

The policy directive also sets forth the proper procedure for filing grievances. Prior to submitting a written grievance, a prisoner must first "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control." *Id.* at 2. If the issue is not resolved by the informal oral complaint or the prisoner is unsatisfied with the outcome, he may fill out a Prisoner/Parolee Grievance form (CSJ-247 A)[1] and submit it to the designated Grievance Coordinator for the facility "[w]ithin five days after attempting to resolve a grievable issue with staff" to initiate Step I of the grievance process. *Id.* at 4. If the prisoner is unsatisfied with the

---

[1]The forms used throughout the grievance process are relatively simple and require a brief statement of the issue being grieved, including the basic facts involved. *See* Defs.' Ex. A at 4.

Coordinator's decision or does not receive a response within a designated time, he may appeal to Step II of the process by requesting a Prisoner/Parolee Grievance Appeal form (CJS-247 B) within five business days of the adverse decision or, if there is no decision, within five business days of when the decision would have been due. *Id.* at 5. The prisoner must then submit the completed appeal form within five business days after obtaining it. *Id.* Finally, if the prisoner is unsatisfied with the outcome of his Step II appeal, or he does not receive a response within the designated time, he may send a completed Step III grievance to the Prisoner Affairs Section of MDOC within ten business days after the adverse decision or, if there is no decision, within ten days of when the decision would have been due. *Id.* at 6.

Plaintiff filed all eight of his grievances on April 22, 2004. Plaintiff's first grievance alleged that Defendant May violated a work rule by failing to respond when Plaintiff was injured on December 27, 2002. Similarly, Plaintiff's second and seventh grievances alleged Defendant May was deliberately indifferent to Plaintiff by ordering him to continue working immediately after the injury, and also ordering him to work on January 3, 2003. Plaintiff's third grievance accused Defendant Smith of inadequately treating his injury during an examination on May 20, 2003. Plaintiff's fourth and fifth grievances complained that Defendant Mathai failed to properly diagnose his condition during the course of several appointments in early 2003, and displayed inhumane treatment by being hostile at a visit on January 7, 2003. Plaintiff's sixth grievance accused Defendant Mars of inhumane treatment during an examination on January 6, 2003. Finally, Plaintiff's eighth grievance complained that Defendant May failed to file an incident report on December 27, 2002.

The Step I Grievance Coordinator denied all eight of Plaintiff's grievances stating that they

were untimely. Unsatisfied with the result, Plaintiff appealed his grievances to Step II, where they were again denied as untimely. Finally, Plaintiff's Step III appeals were all denied as untimely. On April 20, 2006, Plaintiff commenced this action in federal court, alleging violations of 42 U.S.C. § 1983. Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6) and 42 U.S.C. § 1997e.

### III. LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

### IV. ANALYSIS

Plaintiff is a prisoner confined in a Michigan correctional facility and his complaint challenges the conditions of his confinement. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court regarding prison conditions. *Jones v. Bock*, 127 S. Ct. 910, 914 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion

4

must be proper, including "compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 126 S. Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

In the present case, Defendants argue that Plaintiff did not properly exhaust his available administrative remedies because he failed to grieve the allegedly inadequate medical care within the proscribed time limits in MDOC's Policy Directive. In response, Plaintiff admits that his grievances were not filed properly, but contends that MDOC waived his untimeliness because it reviewed his grievances at all three steps of the process. The Court disagrees with Plaintiff's argument.

In *Woodford*, the Supreme Court held that exhaustion under § 1997e(a) means proper exhaustion and concluded that a prisoner cannot satisfy the PLRA's exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *See Woodford*, 126 S. Ct. at 2382. The plaintiff in *Woodford* was disciplined for engaging inappropriate behavior in the prison chapel. *See id.* at 2383. Following his punishment, the plaintiff complained that prison officials prevented him from participating in special programs, including religious activities. *See id.* Six months after being excluded from the programs, the plaintiff filed a grievance with prison officials challenging that action. *See id.* at 2383-84. The plaintiff's grievance was rejected because it was not filed within fifteen working days of the action being challenged, as was required under the prison's regulations. *See id.* After appealing this rejection through the applicable grievance procedures and finding no success, the plaintiff filed suit in federal court under 42 U.S.C. § 1983. *See id.* The defendants moved to dismiss arguing that the plaintiff did not exhaust his administrative remedies because he did not comply with the prison's deadlines. *See id.* The Supreme Court agreed,

holding that in order to exhaust administrative remedies under § 1997e(a), a prisoner must comply with the agency's procedural requirements. *Id.* at 2387.

The Supreme Court's holding in *Woodford* controls the outcome of this case. Based on the MDOC Policy Directive, Plaintiff had to commence his Step I grievance within five business days of attempting resolve the grievable issue with prison staff. Plaintiff did not do this and waited several months before initiating the grievance process. Therefore, Plaintiff did not file any of his grievances on time and, as such, did not properly exhaust his administrative remedies. Accordingly, Plaintiff's claim is barred by 42 U.S.C. § 1997e(a).

The fact that the Grievance Coordinators addressed Plaintiff's grievances at all three stages of the process does not alter the fact that he did not properly exhaust his remedies. While Plaintiff's grievances were reviewed, at no point did any prison official address the merits of Plaintiff's grievances. On the contrary, the Grievance Coordinators denied all eight of Plaintiff's grievances as untimely at all three steps. Consequently, it cannot be said that Plaintiff's untimeliness was waived. The Court finds no difference between Plaintiff's situation and one in which a prisoner files an untimely grievance and commences a lawsuit immediately after being denied at the first step of the grievance process. Based on Plaintiff's argument, there would be no penalty for not complying with the applicable grievance procedures. *See*, *e.g.*, *Woodford* at 2388 (rejecting the plaintiff's argument that exhaustion only requires the absence of further administrative remedies and stating that "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction ..."). All a prisoner would have to do is file a grievance, no matter how late or defective, and simply wait as it proceeds up the grievance steps, all the while knowing that it will ultimately be denied. This

6

result would undermine the purposes of the PLRA to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" and thereby "reduc[ing] the quantity and improv[ing] the quality of prisoner suits." *Id.* at 2387 (quoting *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)) (internal quotation marks omitted).

Finally, the Supreme Court's recent decision in *Jones v. Bock*, *supra*, does not affect the outcome of this case. In *Jones*, the Supreme Court addressed the Sixth Circuit's procedural requirements for prisoner suits under the PLRA. *See Jones*, 127 S. Ct. at 915-16. In addition to requiring exhaustion of administrative remedies, the Sixth Circuit had (1) required prisoners to attach their grievances to their complaints or plead the facts underlying the grievances with particularity; (2) required the prisoners to name all defendants at the first step of the grievance process in order to bring a later claim against them in federal court; and (3) required the district courts to *sua sponte* dismiss a prisoner's entire cause of action where the prisoner did not administratively exhaust one or more, but not all, of his claims, also known as the "total exhaustion" rule. *Id.* The Supreme Court rejected all of these additional procedural requirements, finding that they were not required under the PLRA. *Id.* at 914. In particular, the Court concluded that exhaustion of administrative remedies was an affirmative defense rather than a pleading requirement. *Id.* at 921. However, the Court acknowledged that dismissal may be proper where the failure to exhaust administrative remedies, as with other affirmative defenses, is apparent on the face of the complaint. *Id.* at 920-21.

None of the issues addressed by the Supreme Court in *Jones* are present in this case. There is no argument that Plaintiff's claim should be dismissed under the "total exhaustion" rule or for failing to name any Defendant at the first step of the grievance process. Most importantly, Plaintiff

has not been required to plead and prove that he exhausted his administrative remedies. Instead, Defendants' properly raised the issue of exhaustion as an affirmative defense. Moreover, it is plain from the face of Plaintiff's complaint that his grievances were not timely.

## V. CONCLUSION

Because Plaintiff did not properly exhaust the available grievance procedures his action is barred by 42 U.S.C. § 1997e. Therefore,

IT IS ORDERED that Defendants' Motion to Dismiss (Docket #15, 23) is GRANTED and Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 23, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 23, 2007.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290